RECEIVED
IN LAKE CHARLES, LA
MAY 16 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:06 CR 20020-001 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| JACOB WAYNE FURLOW (01) | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM ORDER

Presently before the court is a Motion to Sever Count 3 of the Indictment [doc. 21] filed by Jacob Wayne Furlow ("Furlow"). The Indictment charges conspiracy to possess with intent to distribute methamphetamine (Count 1), possession of a firearm in furtherance of a drug trafficking crime (Count 2), possession of a firearm by a convicted felon (Count 3), and forfeiture (Counts 4 and 5).

Count 3 of the indictment charges that on or about the 16th day of February 2006, at Sulphur, in the Western District of Louisiana, the defendant, who had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm. The defendant argues that he is at risk of substantial prejudice resulting from the joinder of Count 3 with Counts 1 and 2. Furlow argues that trying these three offenses together would put the jury on notice during voir dire that the defendant has a prior felony conviction. He argues that the danger that this information could color the jury's view of him and its assessment of the facts adduced at trial is such that severance is warranted.[1]

---

[1] The defendant also submits that he is aware of evidence related to Count 3, including portions of video-taped statements by his girlfriend, that should be redacted if this

The government asserts the defendant has felony convictions of simple burglary and possession of marijuana second offense[2]. The possession of marijuana second offense conviction is the result of a guilty plea on October 29, 1999. The government argues that the guilty plea constitutes a judicial confession to that offense and for that reason alone the court records relating to the guilty plea are admissible during trial.[3] The government's argument that a prior guilty plea is *per se* admissible in every criminal prosecution is obfuscatory. This would give the government *carte blanche* to admit prior convictions regardless of whether the defendant chose to testify in total contravention of the Federal Rules of Evidence.

The government contends that evidence of this prior felony drug possession would be admissible as similar acts evidence pursuant to the provisions of Fed.R.Evid. 404(b)[4]. Rule 404(b) states that evidence of other crimes or acts is not admissible to prove the character of a person, but the evidence may be admissible to prove, among other things, knowledge or the absence of mistake. Fed. R. Evid. 404(b). The danger inherent in the admission of extrinsic evidence[5] is that the jury will

---

motion is granted.

[2] 14th JDC Docket No. 16325-99.

[3] Citing McCormick on Evidence, 2d Ed. §160, p. 352 (1972).

[4] The government did not give notice of its intent to use 404(b) evidence to the defendant.

[5] *United States v. Williams*, 343 F.3d 423, 436 (5th Cir.2003); *see also United States v. Coleman*, 78 F.3d 154, 156 (5th Cir.1996) (stating that intrinsic evidence does not implicate Rule 404(b)); *but see Unites States v. Walters*, 351 F.3d 159, 166 n. 2 (5th Cir.2003) (noting in dictum that the Court would only analyze the admissibility of the disputed evidence under Rule 404(b) since the government had not offered it as intrinsic evidence at trial). Extrinsic evidence is not admissible to prove propensity to commit the charged crime, *see* rule 404(a), but may be admissible for other purposes enumerated under rule 404(b). Intrinsic evidence is generally admissible, and its admission is not subject to rule 404(b). *See United States v.*

convict the defendant, not for the offense charged, but for the extrinsic evidence.[6]

To be admissible, extraneous acts evidence 1) must be relevant to an issue other than the defendant's character, and 2) the probative value of the evidence must not be substantially outweighed by the danger of unfair prejudice.[7] The evidence must also meet the similar requirements of Rule 403, which states that evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Fed. R. Evid. 403.

The Federal Rules of Evidence specifically provide for the admissibility of a defendant's prior convictions in certain limited circumstances. *See, e.g.,* Fed. R. Evid. 609 (providing for the admissibility of prior convictions for impeachment purposes); and Fed. R. Evid. 404(b) (providing for the admissibility of prior convictions "as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident")[8]. The government contends that evidence relating to Furlow's prior felony drug possession is admissible as to Count One as Similar Acts Evidence pursuant to F.R.E. 404(b) as proof of the intent to distribute. This argument is unpersuasive and disingenuous. Possession of drugs is not probative of an intent to distribute.

---

*Coleman,* 78 F.3d 154, 156 (5th Cir.1996). Evidence of acts other than conduct related to the offense is intrinsic "when the evidence of the other act and the evidence of the crime charged are 'inextricably intertwined' or both acts are part of a 'single criminal episode' or the other acts were 'necessary preliminaries' to the crime charged." *United States v. Williams,* 900 F.2d 823, 825 (5th Cir.1990) (internal citations omitted). Such evidence is generally admissible to "complete the story of the crime." *United States v. Walters,* 351 F.3d 159, 166 n. 2 (5th Cir.2003); *U.S. v. Freeman,* 434 F.3d 369, 374 (C.A.5 (La.), 2005).

[6] *United States v. Beechum,* 582 F.2d 898, 914 (5th Cir.1978).

[7] *Id.* at 911.

[8] Virgil v. Dretke 2006 WL 1000567, *10 (C.A.5 (Tex. (C.A.5 (Tex.), 2006).

3

The government also argues that the discovery of the firearm on the defendant's person and ammunition of the same caliber in his hotel room on February 13, 2006 was the result of the same search warrant execution that resulted in the discovery of the firearm charged in Count 2, and the drugs found in the hotel room and the Jeep Cherokee the defendant was driving on that date. The government argues that this evidence is inextricably intertwined with the offense charged, it is relevant and not extrinsic. Proximity of a firearm, however, is not proof of an intent to distribute drugs. While the guns may be inextricably intertwined, the conviction is not.

The preliminary inquiry in deciding whether to grant a motion to sever is whether the initial joinder is proper under Fed.R. Crim P. 8(a). Under F.R.Crim. P. 8(a), offenses may be charged in the same indictment when they "(1) are of the same or similar character, or (2) are based on the same act or transaction, or (3) are connected together or constitute parts of a common scheme or plan." *Id.* Joinder of charges is the rule rather than the exception, and Rule 8 is broadly construed in favor of joinder.[9] The possession of the gun charged in Count 3 is part of the offenses charged in Counts 1, 2, 4, and 5. As such, Count 3 is not improperly joined. The questions remains, however, of whether Count 3 should be severed.

Rule 14 provides that if it appears that a defendant is prejudiced by a joinder of offenses, the court may order a separate trial of the counts.[10] This court must also consider the "efficacy of the limiting measures taken by the trial court [and] the strength of the evidence of the defendant's guilt"[11]

---

[9] *U.S. v. Singh*, 261 F.3d 530, 533 (C.A.5 (Tex.), 2001).

[10] *See* Fed.R.Crim.P. 14(a); *United States v. Singh*, 261 F.3d 530 (5th Cir. 8/10/2001).

[11] *United States v. McCarter*, 316 F.3d 536, 538-39 (5th Cir.2002); *U.S. v. Davis*, 124 Fed.Appx. 838, 845, 2005 WL 548935, **5 (C.A.5 (La. (C.A.5 (La.), 2005).

to determine if Furlow will be prejudiced.

In *United States v. Davis*[12], the Fifth Circuit affirmed the trial court's refusal to sever a possession charge and a felon in possession charge. In *Davis* the defendants conspired to use firearms in their drug dealing, so the court found the initial joinder proper. The court then considered the strength of the government's case and found it to be substantial with no risk of prejudice. In the instant case, Furlow argues that he will be unduly prejudiced by the joinder of Count 3.

This court must also consider whether the inclusion of Count 3 would permit any inference that the defendant is a "bad guy," or whether this possible inference could be totally negated by a thorough and oft repeated cautionary instruction that the jury should consider the evidence as to each count separately.[13] Furlow's prior convictions for possession of marijuana second offense and simple burglary might lead the jury to see him as a "bad guy" and a limiting jury instruction would be insufficient to overcome this prejudice. At this stage of the proceeding, however, the court is not in a position to evaluate the strength of the government's case and the disingenuousness of the government's arguments provoke a heightened sense of caution in an attempt to safeguard the efficacy of this proceeding.

Bifurcation is an alternative to severance. In *United States v. Nguyen*[14], the Ninth Circuit

---

[12] (*Unpublished*) No. 03-30918 (5th Cir. 3/7/2005), 124 Fed. Appx. 838, *cert. denied* 2005 U.S. LEXIS 6980 (U.S. Oct. 3, 2005).

[13] U.S. v. Morris 647 F.2d 568, 570 (C.A.Ga., 1981)

[14] 88 F.3d 812 (9th Cir.1996)

Court of Appeal[15] concluded that the district court had not abused its discretion in allowing a felon in possession count to be tried with other charges in light of the overwhelming evidence of the defendant's guilt and the limiting instructions given to the jury. *Id.* at 816. The court noted that "we have consistently relied upon two factors in determining whether a defendant has been prejudiced by the consolidation of a felon in possession charge with other, unrelated felony charges: the strength of the evidence against the defendant and the nature and efficacy of the methods employed to guard against prejudice." *Id.* at 816-17. The court then went on to observe that "severance or bifurcation is the preferred alternative" to protect a defendant from the prejudice that can result from trying a felon in possession charge with other unrelated felony charges. *Id.* at 818.

In *Nguyen*, the court of appeal found that the district court had properly safeguarded the defendant's right to an impartial jury by bifurcating the counts (with the felon in possession charge being tried after the cocaine possession charge), excluding evidence of the firearm from the drug possession trial, excluding evidence of the cocaine from the firearm trial, and giving appropriate limiting instructions. The Ninth Circuit concluded that the district court did not abuse its discretion in denying the defendant's motion to sever, and instead in bifurcating the proceedings.

In a bifurcated trial of a felon in possession the jury could at least be informed that the charge involved something more than possession, and would, if possession was found, then consider the second element of a prior felony conviction.[16]

The inclusion of Count 3 would be prejudicial and it is doubtful that a limiting instruction

---

[15] This court found no Fifth Circuit case addressing bifurcation in a felon in possession charge.

[16] U.S. v. Chevere 368 F.3d 120, 122 (C.A.2 (N.Y.),2004)

6

will be sufficient to cure the prejudice. Accordingly, the court finds that a severance of properly joined counts is warranted, but bifurcation is appropriate. All counts with exception of Count 3 will be tried first. If the jury finds the defendant guilty of possession of the firearm, then they will be permitted to consider the prior felony conviction. This ruling will also require that evidence, including the videotaped statements of witnesses be reviewed by counsel and redacted accordingly and witnesses are to be properly instructed.

Lake Charles, Louisiana, this 15 day of May, 2006.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE