RECEIVED
IN LAKE CHARLES, LA
AUG 2 5 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:06 CR 20020-001 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| JACOB WAYNE FURLOW | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM ORDER

The defendant, Jacob Wayne Furlow, has filed a Motion to Suppress. That motion was opposed by the Government and the court heard testimony from Government and defense witnesses.

Furlow argues that the state search warrant dated February 13, 2006,[1] was invalid because the affidavit contained materially false statements. Ordinarily, evidence obtained from a search is admissible where probable cause for a search warrant is founded on inaccurate information, so long as the officer's reliance on the warrant is objectively reasonable. *See United States v. Leon*, 468 U.S. 897, 919-20, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). One exception to this rule is where the affidavit that supports the warrant contains material false statements or omissions. *Franks v. Delaware*, 438 U.S. 154, 155-56, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). A misstatement can vitiate an affidavit only where the misrepresentations are the product of "deliberate falsehood or of reckless disregard for the truth." *Id.* at 171, 98 S.Ct. 2674. The court must then consider whether the remaining portion of the affidavit is sufficient to support a finding of probable cause. *Id.* at 155-56, 98 S.Ct. 2674; *United States v. Brown*, 298 F.3d 392, 395 (5th Cir.2002); *Cates v. State*, 120 S.W.3d 352, 358-59

---

[1] The warrant was dated February 13, 2005, but the defense conceded that this was a typographical error and the date was more accurately February 13, 2006.

(Tex.Crim.App.2003). After omitting all intentional or reckless falsehoods, the issue is whether the affidavit contains facts from which the magistrate could make an informed and independent judgment as to whether probable cause existed and whether there was a substantial basis for his determination that probable cause did exist. *Illinois v. Gates,* 462 U.S. 213, 238-39, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *Moreno v. Dretke,* 450 F.3d 158, 169 -170 (C.A.5 (Tex.), 2006); *Janecka v. State,* 739 S.W.2d 813, 825 (Tex.Crim.App.1987).

The statements of three witnesses were offered to establish probable cause for the issuance of the search warrant in this case. No other information is contained in the affidavit to establish probable cause other than the alleged statements of Donovan Spears, Author Morgan and Ashley Spearing.

## Donovan Spears

The affidavit states "[s]ubject Spears said that he *knew* Jacob Furlow *to be* a methamphetamine dealer and that Jacob Furlow habitually *carries* a nine millimeter pistol in a shoulder holster" (emphasis added).

The interview of Donovan Spears was videotaped. In the video, Spears makes it abundantly clear that he has no first hand, current knowledge of Furlow's activities.[2] Spears makes this point adamantly and repeatedly. To characterize it as contemporaneous knowledge in the affidavit, is at the very best, a reckless disregard for the truth.[3]

---

[2] The contents of the videotape became available to the defense only after an *in camera* review by the court for *Brady* material.

[3] It must be noted that only the existence of the videotape allowed this truth to be revealed. Had the FBI policy of not recording statements been ignored with Spearing and Morgan, as it was with Spears, the truth would have been readily ascertainable.

2

Author Morgan

The affidavit states:

Author Morgan told detectives that he was addicted to methamphetamine and that one of the subjects that he bought methamphetamine from was called "Hatchet." Author Morgan did not know "Hatchet's" correct name but gave detectives a CD ROM containing digital photographs of "Hatchet." Author Morgan said that "Hatchet" had been to Morgan's residence several times to sell Morgan methamphetamine. Morgan said that "Hatchet" habitually carried two pistols with him and that one of the pistols was equipped with a laser sight. Author Morgan said that "Hatchet" was living in the Comfort Suites Hotel located on Cities Service Highway in Sulphur, Louisiana but Morgan did not know "Hatchet's" room number. Morgan further stated that "Hatchet" claimed to be a gang member and also claimed to have cut the fingers off of other people.

Author Morgan testified at the hearing that he didn't know anything about Furlow's selling methamphetamine or carrying weapons. He testified that the officers took his three year old child out of his home and he agreed with anything they said in order to secure the return of his child.

Indeed, as the testimony at the hearing developed, it was clear that the officers had removed the child from the home. This event was not recorded in any of the documents involved in this case.

The Government contends that this was done in furtherance of conducting a "controlled delivery" at Morgan's residence. The attempted controlled delivery is not reflected in any documents supplied to this court.[4]

In light of the absolute discrepancy involved in the facts related to Donovan Spears and the suspicious and troubling facts surrounding the removal of Morgan's child, it cannot be said with confidence that Morgan's version of the facts is not credible. If a subject merely agrees to all that a police officer suggests due to coercion, inclusion of those statements in an affidavit is at the very

---

[4] At the end of the suppression hearing the Government was ordered to produce all documentation related to this case.

least, a reckless disregard for the truth.

Ashley Spearing

The affidavit states:

On February 6th, 2006 subject Ashley Spearing (W/F, DOB:02/03/1986) was arrested by Calcasieu Parish Sheriff Office Deputies for possession of methamphetamine in the Comfort Suites Motel, Room 210, located at 320 South City Service Highway, Sulphur, Louisiana. Subject Spearing was interviewed by members of the combined anti-drug team. Subject Spearing said that she knew "Hatchet" and she also knew his correct name, Jacob Furlow. Subject Spearing told detectives that she sold methamphetamine for Jacob Furlow. Subject said that Jacob Furlow was also living in the Comfort Suites Hotel in room 310. Ashley Spearing said that earlier on February 6th, 2006 she and subject Furlow had a dispute over $7,000.00 of drug money that had been stolen from Jacob Furlow. Spearing said that subject Furlow had held a pistol to her head during the dispute and that he had a military styled assault rifle with folding stock in his room. Subject Spearing also said that subject Furlow habitually carries a pistol in a shoulder holster.

Testimony revealed that Spearing initially refused to answer questions. The Government contends that she changed her mind and made the statements contained in the affidavit. She denies this, indicating that the only information from her was gleaned from a telephone conversation she had with her father in which she tried to elicit his sympathy by stating that the defendant had held a gun to her head.

The following curiosities are noted surrounding these statements:

- No explanation of any kind is provided regarding Spearing's drastic change of heart;

- There is no indication in the "FBI 302" of the statements attributed to her;

- No memorialization of her confession to being a drug dealer is obtained;

- After Spearing allegedly gives a statement about dealing drugs on a regular basis, her charge is not upgraded from possession to possession with intent to distribute.

- Based on all factors, her testimony at the suppression hearing was at her own

4

personal risk.

Based on all of these factors, as well as the conclusions regarding Spears and Morgan, it cannot be said with confidence that Spearing's version of the facts is not credible. It follows that the inclusion of statements attributed to her was at the very least a reckless disregard for the truth.

## Conclusion

Accordingly, the Motion to Suppress IS GRANTED. Having excluded the testimony of Spears, Spearing and Morgan, the remaining portion of the affidavit is insufficient to support a finding of probable cause.

IT IS FURTHER ORDERED that on the 21st day of September, 2006, at 10:15 a.m. a hearing will be held for the Government to show cause why all the evidence obtained during and subsequent to the execution of the search warrant should not be deemed inadmissible.

Lake Charles, Louisiana, this 24 day of August, 2006.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE