UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**UNITED STATES OF AMERICA**          **CASE NO.  2:06-CR-20020-01**

**VERSUS**                            **JUDGE JAMES D. CAIN, JR.**

**JACOB WAYNE FURLOW (01)**           **MAGISTRATE JUDGE KAY**

**MEMORANDUM ORDER**

Before the Court is a letter (Rec. 233) from Defendant, Jacob Wayne Furlow wherein Mr. Furlow seeks an early release from prison.  The Court will consider the letter as a Motion for Compassionate Release. Mr. Furlow is serving a 240-month term of imprisonments followed by 10 years of supervised release for conspiracy to distribute over 500 grams of Methamphetamine and transporting firearms in and affecting commerce by a felon.[1] Mr. Furlow states that he is 41 years old and claims that he suffers with high blood sugar (diabetes), high blood pressure, and high cholesterol.  Mr. Furlow suggests that the Court release him due to the COVID-19 pandemic and the current situation at the FCI in Oakdale, Louisiana.

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." *Dillon v. United States,* 560 U.S. 817, 825 (2010).  Under 18 U.S.C. 3582 (c), a court generally "may not modify a term of imprisonment once it has been imposed," except in three circumstances; (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. §  3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2). Mr. Furlow relies on § 3852(c)(1)(A) which permits a court to reduce a prisoner's

---

[1] Mr. Furlow informs the Court that his date of release is projected to be September 2023.

sentence "if he finds that" (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."

Prior to 2018 only the Director of the BOP could file these kinds of compassionate release motions. In 2018, Congress passed, and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, § 3582(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. Prior to filing such motions, however, prisoners must exhaust their administrative remedies in one of two ways: (1) prisoners can file a motion after fully exhausting administrative appeals of the BOP's decision not to file a motion for compassionate release, or (2) prisoners can file a motion after requesting release, but there is "the lapse of 30 days from the receipt . . . of such a request" by the warden of the moving inmate's facility, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

The administrative-exhaustion provision of the First Step Act is set out in mandatory terms. It permits a court the authority to reduce a defendant's sentence only "upon motion of the defendant after the defendant has full exhausted all administrative rights to appeal . . . or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." *Id.* This mandatory statutory exhaustion requirement provides no exception.

Mr. Furlow has not exhausted his administrative rights with the Bureau of Prisons Section 3582(c)(1)(A) does not provide this Court with the equitable authority to excuse Mr. Furlow's failure to exhaust his administrative remedies or to waive the 30-day waiting period. Mr. Furlow must first present his request to the BOP, permitting it to evaluate his current circumstances in light of the coronavirus concerns. Thus, because Mr. Furlow has not yet exhausted his

administrative remedies, the Court does not have the authority to grant the relief requested.[2] Accordingly, it is

      **ORDERED** that the motion for compassionate release is hereby **DENIED,** subject to re-urging if Mr. Furlow exhausts his administrative remedies as set forth in the statute.

      **THUS DONE AND SIGNED** in chambers on this 27th day of April, 2020.

                            */s/ James D. Cain, Jr.*
                            **JAMES D. CAIN, JR.**
                      **UNITED STATES DISTRICT JUDGE**

---

[2]     Section 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, "expand[s] the cohort of inmates who can be considered for home release." Pursuant to that provision of the CARES Act, on April 3, 2020, United States Attorney General William Barr issued a memorandum instructing the BOP to maximize transfer to home confinement "all appropriate inmates held at FCI Oakdale, FCI Danbury, FCI Elkton, and similarly situated BOP facilities where COVID-19 is materially affecting operations." See Memorandum from Attorney General William Bar to Director of Bureau of Prisons, The Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (April 3, 2020) available at https://politi.co/2UV3JBi.

      The BOP is currently reviewing all prisoners at the Oakdale facilities for some type of release, removal, or furlough, if appropriate, under the standards issued by the CDC on which persons are at heightened risk.