## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.  2:06-CR-20020-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **JACOB WAYNE FURLOW (01)** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM ORDER

Before the Court is a letter (Rec. 233) from Defendant, Jacob Wayne Furlow, and a Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(a)(i) (Rec. 239) filed by Mr. Furlow's court appointed attorney wherein Mr. Furlow seeks an early release from prison and/or to reduce his sentence to time served.

### BACKGROUND

Mr. Furlow is serving a 240-month term of imprisonment followed by 10 years of supervised release for conspiracy to distribute over 500 grams of Methamphetamine and transporting firearms in and affecting commerce by a felon. Mr. Furlow states that he is 41 years old and claims that he suffers with high blood sugar (diabetes), high blood pressure (hypertension), hyperlipidemia (high cholesterol) and obesity.  Mr. Furlow suggests that the Court release him due to the COVID-19 pandemic and the current situation at the FCI in Oakdale, Louisiana.

### LAW AND ANALYSIS

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." *Dillon v. United States,* 560 U.S. 817, 825

(2010).   Under 18 U.S.C. 3582(c), a court generally may not modify a term of imprisonment once it has been imposed, except in three circumstances; (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

Section 3852(c)(1)(A) permits a court to reduce a prisoner's sentence "if he finds that" (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."

Prior to 2018, only the Director of the BOP could file these kinds of compassionate release motions. In 2018, Congress passed, and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, § 3582(c)(1)(A) now allows prisoners to directly petition courts for compassionate release.

Section 3582(c)(1)(A) provides that any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C, § 3582(c)(1)(A). Here, the applicable policy statement, U.S.S.G. § 1B1.13, provides that a court may reduce the term of imprisonment after considering the § 3553(1) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or the community, as provided

in 18 U.S.C. § 3142(g); and (iii) "the reduction is consistent with this policy statement."[1]
U.S.S.G. § 1B1.13.

The policy statement includes an application note that specifies the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i). Second, the standard is met if the defendant is: (1) suffering from a serious physical or medical condition, (2) suffering from a serious functional or cognitive impairment, or (3) experiencing deteriorating physical mental health because of the aging process, any of which substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility, and from which he or she is not expected to recover. U.S.S.G. § 1B1.13, cmt. n.1(A)(ii).

The application note also sets forth other conditions and characteristics that qualify as "extraordinary and compelling reasons" related to the defendant's age and family circumstances. U.S.S.G. § 1B1.13, cmt. n.1(B)-(C). Finally, the note recognizes the possibility that the BOP could identify other grounds that amount to "extraordinary and compelling reasons." U.S.S.G. § 1B1.13, cmt. n.1(D).

---

[1] The policy statement refers only to motions filed by the BOP director. That is because the policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not entitled to file motions under § 3582(c). See first Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239. In light of the statutory command that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," § 35829c)(2)(A)(ii), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the policy statement applies to motions filed by defendants as well.

The BOP has issued a regulation to define its own consideration of compassionate release requests. See BOP Program Statement 5050.50.[2] This Program Statement was amended effective January 17, 2019, following the First Step Act's passage. It sets forth in detail the BOP's definition of the circumstances that may support a request for compassionate release, limited to the same bases the Sentencing Commission identified: serious medical condition, advanced age, and family circumstances. The policy statement is binding under the express terms of § 3582(c)(1)(A), and because it concerns only possible sentence reductions, not increases, it is not subject to the rule of *Booker v. United States,* 543 U.S. 220 (2005), that any guideline that increases a sentence must be deemed advisory. See *Dillon v. United States*, 560 U.S. 817, 830 (2010) (making clear that the statutory requirement in § 3582 that a court heed the restrictions stated by the Sentencing Commission is binding).

Mr. Furlow argues that he has extraordinary and compelling reasons that justify his compassionate release. The Government concedes that Mr. Furlow presents risk factors (obesity and diabetes) identified by the CDC as heightening the risk of severe injury or death should he contract COVID-19. The Government further agrees that Mr. Furlow's condition presents "a serious physical or medical condition. . . that substantially diminishes the ability to provide self-care within the environment of a correctional facility" as stated in § 1B1.13, cmt. n.1(a)(ii). However, the Government opposes Mr. Furlow's early release.

---

[2] Available at https://www.bop.gov/policy/progstat/5050_50EN.pdf .

The Government argues that Mr. Furlow has not demonstrated that he will not pose a danger to the community if released.  The Government reminds the Court that Mr. Furlow's underlying convictions deal with controlled substances and firearms.  The Government notes that Mr. Furlow's PSR reveals that he was a gang member, the head of a methamphetamine distribution ring, and was reported to be "extremely violent," including the fact that he "habitually carried two pistols with him", one of which has a laser lights.[3] When arrested, Mr. Furlow was found in possession of a loaded pistol and admitted that he acquired the firearm in a straw transaction. He along with two others formed a gang called the Hoover Deuce White Crips whose main function was to intimidate people who owed drug debts.[4]

Based on his own statements Mr. Furlow was held accountable for 8.16 kilograms of methamphetamine, and based on a low-end estimate, he made 72 trips to Houston, Texas. He also had a criminal history category of III which included two prior marijuana convictions and a conviction for simple burglary in which he stole two firearms. His probation for the burglary offense and one of his marijuana offenses terminated unsatisfactorily and he committed the instant offenses while on probation.[5]

At the time of his sentencing, the guideline range was 262-327 months; Mr. Furlow was sentenced to 240 months, the statutory mandatory minimum. He has served approximately 165 months of the 240-month prison term (almost 70%) and has a projected release date of May 7, 2023. The Government argues that the proposed early release would

---

[3] See PSR at ¶ 12.
[4] Id. at ¶ 19.
[5] See PSR ¶ ¶ 40-42 and 44.

negate a statutory mandatory minimum, thereby negating congressional intent. However, Mr. Furlow informs the Court that under the First Step Act, the twenty-year mandatory minimum sentence that was imposed on him has been reduced to fifteen years. See First Step Act of 2018, Pub. L. No. 115-391 § 603(b), 132 Stat. 5194, 5239.

The Government further contends that Mr. Furlow has not provided an explanation as to how his proposed living situation will not expose him to COVID-19. Mr. Furlow proposes that he reside with his fiancé and her parents in Sulphur, Louisiana noting that he will apply for Medicaid to help with his medical needs. Thus, Mr. Furlow argues that instead of being exposed to every inmate and staff at the BOP, he will only be exposed to three (3) people. Mr. Furlow also notes that he will be on supervised release for 10 years and if he violates the terms of his supervised release, he will go back to prison for the remainder of his term.

The Court is inclined to grant Mr. Furlow's motion for compassionate release.  In doing so, the Court has considered the following: (1) the severity of Mr. Furlow's medical condition, accompanied by the gravity of the COVID-19 pandemic, (2) Mr. Furlow's completion of almost 70% of his sentence, and (4) Mr. Furlow's plans for residency upon release, and (5) 10 years of supervised release by the United States Probation Office. In addition, the Court also notes that Mr. Furlow has completed numerous educational programs, and the absence of BOP infractions while incarcerated.

## **CONCLUSION**

Based on the foregoing, the Court finds that Mr. Furlow has presented extraordinary and compelling circumstances that warrant early release.  The Court will amend the

Judgment to time served, effective fourteen (14) days from the date of this ruling, and will further order that upon release, Mr. Furlow will self-quarantine for fourteen (14) days, with all conditions of supervised release to remain in full effect.  The Court further advises Mr. Furlow that any violation of the terms of supervised release will result in a revocation of his supervised release and a return to the BOP for the remainder of his sentence. Accordingly,

**IT IS ORDERED** that the Motion for Compassionate Release is hereby **GRANTED;** the Court will issue a separate Amended Judgment to that effect.

**THUS DONE AND SIGNED** in Chambers on this 13th day of July, 2020.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**